Parker C. J.
afterward drew up the opinion of the Court. We think the evidence offered by the plaintiff in this case, to *44 prove a promise or acknowledgment in avoidance of the statute °f limitations, was insufficient for that purpose. Nothing is proved against the defendant himself, and the cases of promises or acknowledgments by a joint promisor, are of a different character. They seem to be founded on the analogy to co-partnerships, in which the acts and declarations of one are binding on the whole ; but in such cases, by all the late decisions, such acts and declarations, after a dissolution of the co-partnership, cease to have that effect. Here the joint interest is dissolved by the death of the principal in the note, and it would be stepping beyond the line of precedents to admit the declarations of his administrator to bind the living partner. Besides, here is no declaration, but the mere fact of payment of a dividend upon an insolvent estate, from which no promise or acknowledgment can be inferred against the defendant, who does not appear to have taken any part in the transaction.
Where a living partner acknowledges a debt or promises to pay it, it is supposed to be because he knows that it is due and ought to be paid, and he is accountable to his partner if by his means the debt should be twice paid. But an administrator may not know, or if he does, is not authorized, by virtue of his representation of the deceased, to revive a debt against the survivor by any act of bis. The cases cited by the defendant’s counsel clearly maintain this doctrine, and it is reasonable ; for otherwise the legal rights of a party would be injuriously affected by the acts and doings of one with whom he has no connexion by contract or by legal relation.[1]

Plaintiff nonsuit.

 See Revised Stat. c. 120, § 18; Chitty on Contr. (4th Am. ed.) 650, note 2; Greenleaf v. Quincy, 3 Fairfield, 11; Pike v. Warren, 15 Maine R. (3 Shepley,) 390.